# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Brief February 3, 2003

## JOHN PAUL MOORE v. TERESA ANN MOORE

**Appeal from the Circuit Court for Greene County**
**No. 01CV362      Ben K. Wexler, Judge**

**FILED MARCH 18, 2003**

**No. E2001-03028-COA-R3-CV**

---

John Paul Moore appeals a judgment in a divorce proceedings, complaining that the Trial Court should have awarded him primary parenting rather than shared parenting with the child's mother, Teresa Ann Moore. He also complains that the Court erred in awarding an attorney fee to Ms. Moore in the amount of $300. Our standard of review as to both issues is whether the Trial Court abused its discretion. We find the Trial Court properly exercised its discretion and affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Edward Kershaw, Greeneville, Tennessee, for the Appellant, John Paul Moore

No Brief was filed by the Appellee, Teresa Ann Moore

## MEMORANDUM OPINION

As is ofttimes the case, the proof relative to which parent should have primary custody is sharply divided. As an aid to resolving this appeal, we rely upon the admonishment of our Supreme Court in *Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001). Although *Eldridge* addresses visitation, we believe the reasoning employed applies here:

> It is not the function of appellate courts to tweak a visitation order in the hopes of achieving a more reasonable result than the trial court. Appellate courts correct errors. When no error in the trial court's ruling is evident from the record, the trial court's ruling must stand. This maxim has special significance in cases

reviewed under the abuse of discretion standard. The abuse of discretion standard recognizes that the trial court is in a better position than the appellate court to make certain judgments. The abuse of discretion standard does not require a trial court to render an ideal order, even in matters involving visitation, to withstand reversal. Reversal should not result simply because the appellate court found a "better" resolution. *See State v. Franklin,* 714 S.W.2d 252, 258 (Tenn. 1986) ("appellate court should not redetermine in retrospect and on a cold record how the case could have been better tried"); *cf. State v. Pappas,* 754 S.W.2d 620, 625 (Tenn.Crim.App.1987) (affirming trial court's ruling under abuse of discretion standard while noting that action contrary to action taken by the trial court was the better practice); *Bradford v. Bradford,* 51 Tenn.App. 101, 364 S.W.2d 509, 512-13 (1962) (same). An abuse of discretion can be found only when the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record. *See, e.g., State ex. rel Vaughn v. Kaatrude,* 21 S.W.3d 244, 248 (Tenn.Ct.App.2000).

In light of the foregoing, we conclude, as already noted, that the Trial Court did not abuse its discretion relative to the shared parenting nor attorney fees, given the modest, almost *de minimis*, amount awarded in a proceeding lasting one day and at least part of another day.

We conclude it is appropriate that this case be affirmed under Rule 10 of this Court. The case is remanded for collection of costs below. Costs of appeal are adjudged against John Paul Moore and his surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE